IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| David Tyrone Hill, | Case No. 3:09 CV 889 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| CRUMP Healthcare Administration, et al., | |
| Defendants. | |

Before the Court are *pro se* Plaintiff David Tyrone Hill's Complaint (Doc. No. 1), as well as a Motion to Amend the Complaint (Doc. No. 6). The Court grants Plaintiff's Motion to Amend and will therefore evaluate the claims alleged in the Amended Complaint. Plaintiff filed this action under 42 U.S.C. §1983 against Toledo Correctional Institution ("TCI") Deputy Warden of Special Services Susan Brown, TCI Health Care Administrator Teresa Crump, TCI Medical Director Dr. Myron Shank, TCI Major Keith Foley, TCI Warden Robert Welch, Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, ODRC Assistant Director Kelleh Konteh, and ODRC Chief Inspector Gary Croft. Plaintiff disagrees with the medical treatment he is receiving at TCI. He seeks prescriptions for specific medications and monetary damages.

**BACKGROUND**

Hill suffered head and back injuries in 2002 and 2004. He claims he also contracted scabies and a bacterial toe infection which he believes to be similar to staphylococcus. He contends Brown ordered him to the medical department for evaluation and possible renewal of his medical passes and restrictions. Crump recommended Hill receive an MRI, but he refused. He claims Crump became frustrated and referred him to Dr. Shank for a medical evaluation. He indicates Dr. Shank performed

a superficial examination, wrote a prescription for medication to treat scabies, and ordered a culture of his toe infection. Dr. Shank also made appointments for Hill to see a dentist and optometrist. Once again, he refused treatment.

In January 2009, Hill also refused to sign a title to the walker he was issued. He was told it was a matter of security but still would not sign the title because it stated the device was in fair condition. The walker was taken, repaired by maintenance, and returned to Hill two hours later.

Later in January 2009, Hill was summoned to nurse's sick call. He was handed a prescription for a topical solution of Erythromycin. Because the information sheet did not directly state the medication was used to treat scabies or staphylococcus, he filed a grievance. He states he has not received a reply.

Finally, Hill claims he was ordered to resume physical therapy. He contends he attended these sessions only to avoid disciplinary charges for refusing to comply with an order. He filed grievances and the treatment was discontinued.

In sum, Plaintiff asserts he received inadequate medical treatment. He claims his conditions have not improved, and there is a substantial risk he will suffer serious harm. He contends Defendants violated his Eighth Amendment rights.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

**Respondeat Superior**

Plaintiff cannot establish the liability of any Defendant absent a clear showing Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381, at *1 (6th Cir. Sept. 20, 1995). The Complaint simply contains no facts which reasonably associate any Defendant to any of the claims set forth by Plaintiff.

It appears Hill named these Defendants because they hold supervisory positions in the ODRC or TCI, or because they responded negatively to his grievances. For an individual supervisor or employer to be found liable for the acts of an employee under Section 1983, the acts of the employee must have been in accordance with some official policy or custom, or the supervisor must have encouraged the specific misconduct or in some way directly participated in it. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). Liability must lie upon more than a mere right to control employees and cannot rely on simple negligence. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). The Complaint contains no suggestion of a custom or policy which may have resulted in the deprivation of a federally protected right. There is also no suggestion that any Defendant encouraged, acquiesced in, or directly participated in the conduct described in the Complaint.

**Eighth Amendment**

"Deliberate indifference" by prison officials to an inmate's serious medical needs constitutes "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Supreme Court has adopted a mixed objective and subjective standard for ascertaining the existence of

3

deliberate indifference in the context of the Eighth Amendment. A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* The objective component of the test requires the existence of a sufficiently serious medical need. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). A sufficiently serious medical need is predicated upon the inmate demonstrating he or she "is incarcerated under conditions imposing a substantial risk of serious harm." *Id*.

The subjective component, by contrast, requires a showing the prison official possessed "a sufficiently culpable state of mind" in denying medical care. *Farmer*, 511 U.S. at 834. Deliberate indifference requires a degree of culpability greater than mere negligence, but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. The prison official's state of mind must evince "deliberateness tantamount to intent to punish." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Id.* Therefore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838. Moreover, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

There is no reasonable indication Hill's Eighth Amendment rights were violated. He has been offered treatment and has refused it on more than one occasion. He was offered a prescription for Erythromycin, but requests the Court order Defendants to prescribe DDT, Benzene, and sulfa-based medications for his scabies infection. He refused to allow Dr. Shank to culture the infection on his foot, and now asks the Court to order Dr. Shank to perform this test. He then seeks a prescription for Cephalexin and 500 mg of Keflex. He refused the appointment Dr. Shank tried to schedule with the dentist and optometrist, but now seeks an order from the Court for these appointments. He refused an MRI but now requests an x-ray. There is nothing in the Complaint to indicate any Defendant was deliberately indifferent to Hill's serious medical needs.

## CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                      s/ *Jack Zouhary*
                                                      JACK ZOUHARY
                                                      U. S. DISTRICT JUDGE

August 14, 2009